70 F.3d 1276
 76 A.F.T.R.2d 95-8101, 96-1 USTC P 50,003
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert A. MILLER; Kody Miller, by Robert A. Miller;
Plaintiffs-Appellants,
Robert MILLER, by Robert A. Miller; Plaintiff,
Carey MILLER; Jeremiah Justin Miller, by Carey Miller;
Rick Miller; James Miller; Claudia Greiner; Ave
Maria Askey; Nanette Kelley;
Plaintiffs-Appellants,
v.
Tony ALAMO, also known as Tony Fernando, also known as Tony
Fernando Alamo, also known as Bernie Lazar, also known as
Bernie Hoffman, also known as Bernie Lazar Hoffman, also
known as Boris Lazar, also known as Papa Tony, individually
and as officer and director of Tony & Susan Alamo Foundation
& Music Square Church; Marc Landgarten, individually and
managing agent for Tony & Susan Alamo Foundation & Music
Square Church; Tommy Scarcello, individually & managing
agent for Tony & Susan Alamo Foundation & Music Square
Church; Carol Ann Miller, also known as Carol Ann
Landgarten, individually & managing agent for Tony & Susan
Alamo Foundation & Music Square Church; Susan L. Miller,
also known as Susan Scarcello, individually & managing agent
for Tony & Susan Alamo Foundation & Music Square Church; Defendants,
Edward MICK; William R. Levy; Richard T. Hydell; William
J. Baxter; Lane L. Petra; Ralph Malone; Debra Malone;
Lucien Claude; Donald Wylie; Kathy Wylie; Kathy Wylie;
A.Z. Hudson; Timothy J. Leathers, Commissioner of Revenues,
Arkansas Department of Finance and Administration; Intervenors,
UNITED STATES of America, Internal Revenue Service;
Intervenor-Appellee.
 No. 95-1553.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 24, 1995.
Filed Dec. 4, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Millers appeal the district court's[1] orders granting in part their petition for attorneys' fees, pursuant to 26 U.S.C. Sec. 7430, after they prevailed in litigation against the Internal Revenue Service. We affirm.
 
 
 2
 The Millers argue the district court abused its discretion in reducing the number of hours they requested in their initial fee petition. We conclude the district court did not abuse its discretion in granting the Millers attorneys' fees for only half the hours they requested, and the court did not have to undertake an hour-by-hour analysis of the Millers' request. See Kenagy v. United States, 942 F.2d 459, 463 (8th Cir.1991) (standard of review); cf. Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 324 (8th Cir.1993) (district court did not abuse discretion in reducing fee award by percentage). The district court's finding of excessive and redundant billing was supported by the fee petition and billing statement, and was not clearly erroneous.
 
 
 3
 The Millers also argue the district court abused its discretion in denying their Federal Rule of Civil Procedure 59(e) motion seeking fees for the fee litigation. Given the district court's familiarity with the circumstances involved in this protracted litigation, we believe it did not abuse its discretion by deciding further fees were not warranted. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (district court appropriately has discretion in determining fee award because of its "superior understanding" of the litigation and desirability of avoiding frequent appellate review of essentially factual matters); Commissioner, INS v. Jean, 496 U.S. 154, 161-62 (1990) (district court has discretion to award fees for fee litigation).
 
 
 4
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas